IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
CHARLOTTESVILLE DIVISION

| | |
|---|---|
| KAIA VICTORIA KRISTENSEN, a minor by next friend, SUSAN LEIGH KRISTENSEN<br><br>*Plaintiff,*<br><br>v.<br><br>WILLIAM DAVID SPOTNITZ, ET AL.,<br><br>*Defendants.* | CIVIL NO 3:09cv00084<br><br>MEMORANDUM OPINION & ORDER<br><br>JUDGE NORMAN K. MOON |

This matter is before the Court on Plaintiff's "Motion for Clerk's Entry of Default" (docket no. 21), filed on July 16, 2010, and on Defendants' "Motion for Relief from Default and for Leave to File Answer" (docket no. 22), filed on July 16, 2010. For the reasons stated herein, the Court will DENY Plaintiff's motion and GRANT Defendants' motion, but will ORDER Defendants to pay all of Plaintiff's fees and costs associated with seeking entry of default and default judgment against Defendants.

Kaia Victoria Kristensen ("Plaintiff") brought suit against William David Spotnitz and Denise Constance Schain (collectively "Defendants") in the Circuit Court for the County of Albemarle on November 6, 2009. Defendants filed a timely notice of removal (docket no. 1) to this Court on December 28, 2009. Also on December 28, 2009, Defendants filed a pre-answer Motion to Dismiss (docket no. 2) for failure to state a claim pursuant to Federal Rule of Civil Procedure 12(b)(6). On June 4, 2010, this Court entered an Order denying Defendants' Motion to Dismiss (docket no. 18). On July 15, 2010, Plaintiff filed a Motion for Default Judgment against Defendants (docket no. 19), which the Court denied on the same day because the motion

was procedurally deficient (docket no. 20). On July 16, 2010, Plaintiff filed her Motion for Clerk's Entry of Default and Defendants filed their Motion for Relief from Default and for Leave to File Answer.[1]

After the Court denied Defendants' Rule 12(b)(6) motion on June 14, 2010, Defendants were required to file an answer within fourteen days of the Court's disposition of the motion, rendering it due no later than June 28, 2010. Fed. R. Civ. P. 12(a)(4)(A). By filing their answer on July 19, 2010, Defendants were twenty-one days late. Thus, Defendants were in default beginning on June 28, 2010. *See Burton v. The TJX Cos., Inc.*, No. 3:07cv760, 2008 WL 1944033 at *2 (E.D. Va. May 1, 2008).

Plaintiff first moved for default judgment on July 15, 2010. She did so, however, without the clerk having entered Defendants' default pursuant to Rule 55(a). Accordingly, the Court dismissed Plaintiff's motion for not having "first obtain[ed] an entry of default pursuant to Rule 55(a) . . . ." (docket no. 20). That order notwithstanding, Plaintiff nevertheless moves in the instant motion as follows: "[p]ursuant to FRCP 55(b)(1), Plaintiff requests that the Clerk of the above Court enter default judgment against defendants for failing to answer the complaint within the time periods prescribed by FRCP 12 . . . ." Pl.'s Mot. Entry Default 1. Applying the same reasoning used in its first Order, the Court should again deny Plaintiff's motion because Plaintiff again moves for default judgment before the Clerk entered default pursuant to Rule 55(a). Courts have held, however, that the absence of an entry of default is a mere "technical or ministerial omission"; courts may consider premature motions for default judgment as though default has been entered. *Town and Country Kids, Inc. v. Protected Venture Inv. Trust #1, Inc.*, 178 F.R.D. 453, 454 & n.2 (E.D. Va. 1998) (citing *F.D.I.C. v. Danzig*, No. 93-1294, 1993 WL

---

[1] The Court notes that despite the fact that it has not granted Defendants leave to do so, Defendants nevertheless filed their Answer on July 19, 2010 (docket no. 23).

478842 at *2, *3 n.5 (4th Cir. Nov. 22, 1993) (unpublished per curiam decision)); *see also Meehan v. Snow*, 652 F.2d 274, 276 (2d Cir. 1981). Accordingly, although the Court does not condone the premature filing of motions for default judgment, it will nevertheless proceed as though default has been entered and consider Plaintiff's motion for default judgment in order to ensure the expeditious disposition of this litigation.

When confronted with a motion for default judgment, a court may either grant the motion pursuant to Rule 55(b)(2), or set aside the entry of default for good cause pursuant to Rule 55(c). "Once a party defaults, the issue of whether to grant or deny a motion for entry of default judgment is a matter largely within the discretion of the trial court." *Broglie v. Mackay-Smith*, 75 F.R.D. 739, 742 (W.D. Va. 1977); *Payne ex rel. Estate of Calzada v. Brake*, 439 F.3d 198, 204 (4th Cir. 2006) ("'The disposition of motions made under Rule[ ] 55(c) . . . is a matter which lies largely within the discretion of the trial judge and his action is not lightly to be disturbed by an appellate court.'" (quoting *Consol. Masonry & Fireproofing, Inc. v. Wagman Const. Corp.*, 383 F.2d 249, 251 (4th Cir. 1967))). The great weight of authority holds that "the interests of justice are best served by a trial on the merits." *Tolson v. Hodge*, 411 F.2d 123, 130 (4th Cir. 1969) (citation and quotations marks omitted). Accordingly, "Rule[ ] 55(c) . . . [is] to be liberally construed in order to provide relief from the onerous consequences of defaults." *Id; accord United States v. Moradi*, 673 F.2d 725, 727 (4th Cir. 1982). Furthermore, "[a]ny doubts about whether relief should be granted should be resolved in setting aside the default so that the case may be heard on the merits." *Tolson*, 411 F.2d at 130 (citation and quotation marks omitted).

The standard for setting aside an entry of default is a showing of "good cause." Fed. R. Civ. P. 55(c). In determining whether the defaulting party has shown good cause, a district court considers a variety of factors, including: (1) whether the defendant has a meritorious defense to

the substance of the plaintiff's case; (2) whether the defendant acted with reasonable promptness to set aside the entry of default; (3) whether the defendant has a history of dilatory action within the litigation; (4) the personal responsibility of the party opposing default judgment in causing the default; (5) whether the defendant's default prejudiced the plaintiff; and (6) whether there are less drastic sanctions available. *Estate of Calzada*, 439 F.3d at 204-05; *Lolatchy v. Arthur Murray, Inc.*, 816 F.2d 941, 953 (4th Cir. 1987); *Burton*, 2008 WL 1944033 at *2.

The balance of these factors weighs heavily in favor of denying Plaintiff's motion. First, defendant has a meritorious defense. "A meritorious defense requires a proffer of evidence which would permit a finding for the defaulting party . . . ." *Augusta Fiberglass Coatings, Inc. v. Fodor Contracting Corp.*, 843 F.2d 808, 812 (4th Cir. 1988) (citing cases). There must be facts to support the defense, not merely conclusory statements. *Burton*, 2008 WL 1944033 at *3. This standard favors those opposing the entry of default. *Id.* (citing *Augusta Fiberglass*, 843 F.2d at 812). Defendants' allege in their proposed Answer that the claim is barred by the statute of limitations, collateral estoppel, and res judicata. Answer ¶ 65. Those allegations are sufficient to establish a meritorious defense. *Burton*, 2008 WL 1944033 at *3.

Furthermore, Defendants acted with reasonable promptness to set aside the entry of default and to cure the default. "Whether a party has taken 'reasonably prompt' action, of course, must be gauged in light of the facts and circumstances of each occasion . . . ." *Moradi*, 673 F.2d at 727. In the instant case, Plaintiff filed her Motion for Default Judgment on July 15, 2010. She filed the motion currently before the Court on July 16, 2010. Defendants also filed their Motion for Relief from Default on July 16, 2010, only one day after Plaintiff's first motion. District courts have routinely granted Rule 55(c) relief for periods much longer than one day. *See, e.g., Wainwright's Vacations, LLC v. Pan Am. Airways Corp.*, 130 F. Supp. 2d 712, 718 (D.

Md. 2001) (granting Rule 55(c) relief when the period between the entry of default and a motion to vacate it was 32 days). Therefore, this factor also weighs against granting Plaintiff's motion.

Regarding the third factor, nothing in the record indicates any previous dilatory action by the Defendants. Nor has Plaintiff alleged any. On the contrary, all of Defendants' filings, save their answer, have been timely. Therefore, the third factor weighs in favor of setting aside the entry of default.

As for the fourth factor, "justice . . . demands that a blameless party not be disadvantaged by the errors or neglect of his attorney which cause a final, involuntary termination of proceedings." *Moradi*, 673 F.2d at 728 (citing *Chandler Leasing Corp. v. Lopez*, 669 F.2d 919 (4th Cir. 1982)); *see also Augusta Fiberglass*¸ 843 F.2d at 811 (holding that when the attorney is at fault for a delay, the judiciary's preference for trials on the merits overwhelms its interest in efficient litigation). Defendants maintain that their counsel's neglect caused the delay. Def.'s Mot. Relief ¶¶ 26-27. The Court conceives of no reason to reject the inference that since Defendants hired their attorney to represent them in this matter, he is responsible for the answer's lateness. *See DIRECTV, Inc. v. Adkins*, No. 1:03cv00064, 2003 WL 22299034 at *2 (W.D. Va. Oct. 3, 2003). Therefore, this factor weighs against Plaintiff's motion as well.

Furthermore, Plaintiff was not prejudiced by Defendants' delay. In determining whether a party was prejudiced by a default, a court considers: (1) whether the delay made it impossible for the aggrieved party to present certain evidence; (2) whether the delay hampered the non-defaulting party's ability to proceed with trial; (3) whether the delay impaired the non-defaulting party's ability to complete discovery; and (4) whether the delay was used by the defaulting party to commit a fraud. *Lolatchy*, 816 F.2d at 952-53; *Burton*, 2008 WL 1944033 at *4. Defendants' delay satisfies none of the abovementioned factors. Plaintiff alleges no prejudice, nor does the

record readily demonstrate prejudice. Although Plaintiff may have been inconvenienced, inconvenience is insufficient to amount to prejudice. Nor does mere frustration amount to prejudice. *Lolatchy*, 816 F.2d at 953-54; s*ee also Palmetto Fed. Bank of S.C. v. Indus. Title Ins. Co.*, 756 F. Supp. 925, 933 (D.S.C. 1991), *vacated on other grounds*, No. 1:90-1599-1, 1991 WL 832830 (D.S.C. May 15, 1991). Moreover, the delay has not inhibited Plaintiff's ability to prosecute her claims or collect evidence. Finally, a twenty-one-day delay within litigation that spans several years hardly seems prejudicial. Accordingly, this factor weighs against granting default judgment.

The final factor, the availability of lesser sanctions, further demonstrates that default judgment is inappropriate in this matter. The *Lolatchy* case is instructive on this issue. In that case, the defendant failed to submit timely responses to discovery requests. *Lolatchy*, 816 F.2d at 952. As in the instant matter, the *Lolatchy* defendants were themselves blameless in the default; the delay was entirely the responsibility of the defendants' counsel. *Id.* at 953. The Fourth Circuit in *Lolatchy* overturned the district court's denial of defendants' motion to set aside the entry of default, holding that the imposition on the attorney of "all costs and expenses attendant to the delay, including attorneys' fees" was a more appropriate sanction for the delay. *Id.* Such is the case here. The Defendants have proffered evidence amounting to a meritorious defense. They have acted with reasonable promptness in opposing the entry of default. There is no history of dilatory action in this litigation. Defendants are blameless for the delay; culpability rests with their attorney. Finally, no prejudice has inured to the Plaintiff from the delay. Therefore, the Court will grant Defendants leave to file their Answer.

Nevertheless, Plaintiff is entitled to be restored to her position had Defendants' complied with the rules governing this action. Therefore, the Court will order Defendants to pay all of

Plaintiff's fees and costs associated with seeking entry of default and default judgment against Defendants. *See Lolatchy*, 816 F.2d at 953 (holding that for case in which delay resulted in frustration, but not prejudice, to the non-defaulting party, award of fees and costs was more appropriate than summary judgment); *Burton*, 2008 WL 1944033 at *5 (holding that in case where party defaulted, but analysis of *Estate of Calzada* factors weighed against granting default judgment, award of fees and costs was the appropriate remedy).

For the reasons stated above, the Court will DENY Plaintiff's Motion for Clerk's Entry of Default and GRANT Defendants' Motion for Relief from Default and for Leave to File Answer. Furthermore, the Court ORDERS Defendants to pay Plaintiff's costs associated with seeking entry of default and default judgment against Defendants.

It is so ORDERED.

The Clerk of the Court is hereby directed to send a certified copy of this Memorandum Opinion and Order to all counsel of record.

ENTERED: This 30th day of July, 2010.

_____
NORMAN K. MOON
SENIOR UNITED STATES DISTRICT JUDGE