# The Environmental Law Group, PLLC

*Law and Science for the Environment*

**5803 Staples Mill Road, Richmond, Virginia 23228**
**Mail to: P.O. Box 6236**
**Richmond, Virginia 23230**

David S. Bailey    (VA & DC)
   General Manager & Senior Counsel
Tammy L. Belinsky   (VA) (Associate Counsel)
Jeter M. Watson   (VA) (of Counsel)

Telephone: 804-433-1980
Toll Free:  888-831-0659
Facsimile:  804-433-1981
dbailey@envirolawva.com

April 1, 2011

Chad A. Mooney, Esq.
Petty, Livingston, Dawson & Richards
P.O. Box 1080
Lynchburg, Virginia 24505

     Re:    Alex and Kaia Kristensen

Dear Mr. Mooney:

     I have filed expert designations in the above case.  I am still getting the final medical designations and they will follow.  Several of the experts refer to medical records and scientific and medical literature.  I believe that your office has copies of all the designated scientific and medical literature as well as copies of all the medical records.   If you are missing anything or need new copies please advise and we will be glad to provide same.

     I have some doubt whether the Rooftop person is an expert or just a fact witness, but have listed him as an expert as a precautionary measure.   We will be using Drs. Frye, Poehailos and Andrew C. Elgort (both at Poehailos, Dupont & Associates) as treating doctors.

     Please call my office if you have any questions.

Yours truly,

David S. Bailey

**Land Use, Planning & Zoning ■ Natural Resource Protection ■ Wetlands ■ Water Quality & Quantity ■**
**Environmental Exposures to Mold, Pesticides & Toxic Chemicals**
**www.envirolawva.net**

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
AT CHARLOTTESVILLE

KAIA VICTORIA KRISTENSEN, a minor by )
next friend, SUSAN LEIGH KRISTENSEN, )
                                                  )
       Plaintiff, )
                                                  )
v. )               Case No. 3:09-CV-00084
                                                  )               Consolidated with 3:09-CV-00085
WILLIAM DAVID SPOTNITZ and DENISE )
CONSTANCE SCHAIN, )
                                                  )
       Defendants. )
_____ )

**PLAINTIFFS' JOINT DESIGNATION OF EXPERT WITNESSES**
**DR LEONARD VANCE AND DARREN GIACOLOME AND**
**NOTICE OF USE OF TREATING PHYSICIANS**

       Plaintiffs, by counsel hereby serve notice of the filing of joint expert designations for Dr.

Leonard Vance and Darren Giacolome, as well as notice of the use of Drs. Frye, Poehailos and

Elgort as treating physicians in the above styled case.  Attached to this notice are the designations

and expert materials for each expert.  Medical records of the treating physicians have been

provided in previous discovery.

                                           Respectfully submitted,

                                           Kaia Kristensen and Alex Kristensen
                                           By counsel

_/S/_____
David S. Bailey (Va. Bar 24940; DC Bar 455518)
Environmental Law Group, PLLC
P.O. Box 6236
Richmond, Virginia 23230
TEL:  804-433-1980
FAX:  804-433-1981
Email: dsbailey@igc.org

Tammy L. Belinsky, Esquire (VA 43424)
Environmental Law Group
9544 Pine Forest Road
Copper Hill, Virginia 24079
TEL: 540-929-4222
FAX: 540-929-9195
Email: tambel@hughes.net

## CERTIFICATE OF SERVICE

I hereby certify that on April 1, 2011 I electronically filed Plaintiff's notice of expert

filing along with scanned expert reports and other required expert materials with the Clerk of the

Western District Federal Court, Charlottesville, Virginia using the CM/ECF system.


_/S/_____
David S. Bailey

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
AT CHARLOTTESVILLE

| | |
|---|---|
| KAIA VICTORIA KRISTENSEN, a minor by next friend, SUSAN LEIGH KRISTENSEN, ) ) ) | |
| Plaintiff, ) ) | |
| v. ) ) | Case No. 3:09-CV-00084 Consolidated with 3:09-CV-00085 |
| WILLIAM DAVID SPOTNITZ and DENISE CONSTANCE SCHAIN, ) ) ) | |
| Defendants. ) ———————————————————— ) | |

## PLAINTIFFS' JOINT DESIGNATION OF EXPERT WITNESS
## ROOF TOP SERVICES

Plaintiffs hereby designate, to the extent an expert designation is required, the General

Manager of Roof Top Services, 4090 Dickerson Road, Charlottesville, Virginia 22911-5803,

phone/fax 434-975-2051.  Darren Giacolome will testify as an expert in roof inspection and

repair at the subject residence at 560 Blumfield Road, including the repair of leaking skylights.

Mr. Giacolome was the person at Roof Top Services who observed the repairs, did the estimate

for repairs at the home, and supervised the repairs to the skylights. Mr. Giacolome has no

resume, but has been employed in the roofing field for many years and has been employed by and

in the management of Roof Top Services for over a decade.

Mr. Giacolome has no expert report and, at the time of designation, has not indicated

any charge for his time in this case.  His testimony is based on his estimate of the repair of the

home, his observations and supervision of the work, which he will state was necessary, was done

properly and that the skylights were professionally repaired for the costs indicated in his billing

statements, which are included.

Mr. Giacolome will testify generally about roof repair and skylight issues as relates to the work done at 560 Blumfield Road, that skylights leak occasionally but can be reasonably repaired and were repaired in this case for less than $1,000. Mr. Giacolome will state that his company has received no complaints that the skylight repairs were not satisfactory, the work done was similar to work performed on other such situations, and he would not have performed the repairs if he thought it was not feasible and reasonable to do so. Mr. Giacolome will further testify that he has no knowledge of why the leaking skylights were not repaired at an earlier date, and that after doing such repairs, there was nothing found during the repair that would prohibited earlier repairs.

Mr. Giacolome will render his opinion to a degree of certainty in his field and to a degree of more likely than not.

Respectfully submitted,

Kaia Kristensen and Alex Kristensen
By counsel

David S. Bailey (Va. Bar 24940; DC Bar 455518)
Environmental Law Group, PLLC
P.O. Box 6236
Richmond, Virginia 23230
TEL:   804-433-1980
FAX:  804-433-1981
Email: dbailey@envirolawva.com

Tammy L. Belinsky, Esquire (VA 43424)
Environmental Law Group
9544 Pine Forest Road
Copper Hill, Virginia 24079
TEL: 540-929-4222
FAX: 540-929-9195

2

Email: tambel@hughes.net

## CERTIFICATE OF SERVICE

I hereby certify that on March _____, 2011, I mailed a copy of the foregoing designation of expert witness Roof Top Services to counsel for Defendants William Spotnitz and Denise Schain, G. Edgar Dawson, Esq., Petty, Livingston, Dawson & Richards, 725 Church Street, Suite 1200, P.O. Box 1080, Lynchburg, Virginia 24505.

David S. Bailey

**Welcome to Roof Top Services of Charlottesville, VA**

Home    Map & Directions    What We Do    Pictures    References    About Us    Community

Contact Us



# For All Your Roofing Needs...

## ...look to *Roof Top Services*
## of
## Charlottesville, Virginia

––––––

Our business is dedicated to offering you the best in products and services.

With decades of roofing experience, we are certain we can provide you with the best service, support and advice for your roofing requirements.

### Commercial - Residential
### Free Estimates

Our expertise includes:

New Construction and Roof Replacements
Shingles
Metal Roofing - Standing Seam
Rubber Roofing
Slate and Tile
Wood Shakes and Shingles
Custom Gutter Systems and Metal Fabrication
Roofing Repairs and Maintenance

We are a **Certified GAF Master Elite Roofing Contractor.**

Roof Top Services of Charlottesville, Virginia - Home

Page 2 of 2

Find out what this means for your roof at
GAF Corporation's Website

Member of:
Better Business Bureau
National Roofing Contractors Association
Blue Ridge Home Builders Association
Shenandoah Valley Builders Association

**We look forward to working with you.**

**Please Contact Us:**

**Roof Top Services, LLC**                    (our Shenandoah Valley Office)
**4090 Dickerson Rd**                           **P.O. Box 1142**
**Charlottesville, Virginia**                    **Staunton, Virginia**
            **22911-5803**                              **24402-1142**

**Phone/Fax: (434) 975-2051**            **Phone: (540) 569-0406**

                    **e-mail:**info@rooftopservicesva.com

Map & Directions

Created with 1&1 WebsiteBuilder

Roof Top Services
750 Harris Street
Suite 103
Charlottesville, VA 22903
Phone/Fax: 434-975-2051

*Bill*

Invoice No. _____

Date Ordered: 7-30-02

Property Manager: _____

Referred by: Lee C.

| Billing Address | Job Name |
|---|---|
| Denise Spotnitz | 560 Bloomfield Rd |
| 4236 S.W. 104 Terr | Ivy  296 - 3588 |
| Gainsville, Fla 32608     Bill w# 352-846-0364 | 215 - 806 - 2594 |
| Phone: 352 - 375 - 8627 | Previously Repaired: ☐ Yes     ☐ No  When: |

**Repairs Required:** Remove Pan from behind (3) Skylights
install ice shield and shingle behind Skylights
- extend 4" drain pipe on rear w/ 2X3 (3) elbow

**Area Repaired**

| | | |
|---|---|---|
| ☐ Shingles | ☐ Skylight | ☐ Membrane |
| ☐ Slate | ☐ Chimney | ☐ |
| ☐ Cedar Shakes | ☐ Coping | ☐ |
| ☐ Standing Seam | ☐ Ridge Caps | ☐ |
| ☐ Valley Flashing | ☐ Ridge Vent | ☐ |
| ☐ Drip Flashing | ☐ Vent Pipe | ☐ |
| ☐ Apron Flashing | ☐ Ridge Caps Color     Size | ☐ |
| ☐ Counter Flashing | ☐ Gutter    Color     Size | ☐ |
| ☐ Cricket | ☐ Downspout  Color     Size | ☐ |
| Is Job Complete     ☐ No   ☒Yes | ☐ Scupper   Color     Size | ☐ |
| Take Picture     ☐No   ☐Yes | ☐ Collector box Color     Size | ☐ |

**Repairs Completed:**

- ☐ Inspected interior to determine area leaking.
- ☐ Made temporary repairs using plastic roof cement
- ☐ Made temporary repairs using ice shield membrane
- ☐ Made temporary repairs using aluminum flashing.
- ☐ Removed temporary repairs.
- ☐ Staged job.
- ☐

- ☐ Replaced (    ) missing shingles.
- ☐ Recouped loose shingles and sealed.
- ☐ Repaired using fabric and roof cement.
- ☐ Removed debris associated with repair.
- ☐ Sealed using a polyurethane sealant.
- ☐ Replaced (    ) missing slate.
- ☐ Replaced (    ) cedar shakes.

Date Worked: 8-1-02                    Day of Week: Thursday

Mechanic: Frank          Start Time 12:30    Stop Time 12:45    Total Hours 2

Laborer: _____     Start Time _____    Stop Time _____    Total Hours _____

Laborer: _____     Start Time _____    Stop Time _____    Total Hours _____

BATES No. 475

I hereby acknowledge the satisfactory completion of the above described work.

Labor: $ _____

Signature: Frank Warda

Material: $ _____

Print Name and Title: _____

Total: $ 6.8 oh $ 775

**Roof Top Services, LLC**

750 Harris Street, Suite 103
Charlottesville, VA 22903
975-2051 Office/Fax

# Invoice

| Date | Invoice # |
|------|-----------|
| 8/5/2002 | 3062 |

**Bill To**

Denise Spotnitz
4236 S. W. 104 Terrace
Gainsville, FL 32608

*9/13  1:18 LM*
*9/15  called said sending pymt immed.*

| P.O. No. | Terms |
|----------|-------|
|          | Due on receipt |

| Description | Amount |
|-------------|--------|
| 560 Bloomfield Road, Ivy, VA | |
| Amount due for removing pan from behind 3 skylights, installing ice shield membrane and new shingles and extending 4" drain pipe on rear with 2x3 B elbow. | 725.00 |

5377

WILLIAM D. SPOTNITZ, MD.
DENISE C. SCHAIN, MD.
4236 S.W. 104TH TERR.
GAINESVILLE, FL 32608

Date *Sept 15, 2002*

Pay to the Order of *Roof Top Services*  $ *725.00 /xx*

*Seven hundred twenty five dollars and 00/xx*  Dollars

**Bank of America.**

ACH/VT 051000017

For _____   *Denise Schain*

⑆051000017⑆  0000252445541⑈  5377

| Total | $725.00 |
|-------|---------|

*BATES No 476*

## CARDINAL FAMILY MEDICAL CENTER

### ELIZABETH FRYE, M.D.
#### Board Certified Family Practice Physician

2119 Berkmar Drive
Suite 101
Charlottesville, Virginia  22901

Telephone: (804) 973-5539
Fax: (804) 973-8910

May 6, 2002

Re:  Kristensen Family

To Whom It May Concern:

The Kristensen Family, including Stein, Susan, A███, and K███, are patients of mine.   After evaluation from the Environmental Protection Agency, this family's house was found to be infected with Aspergillus and Stachybotrys Chartarum.  The family requested that I write a letter confirming that they have had multiple illnesses throughout this year possibly related to the above organisms.  A███ and K███ who are 2-1/2 years old and 8 months old, respectively, have had multiple upper respiratory infections including bronchitis, ear infections, chronic cough and congestion.  In addition, both Stein and Susan have had similar problems as well, including sore throat, upper respiratory infections, chronic sinus congestion, and irritations of their upper respiratory tracts.  It has been shown in previous studies that the Aspergillus species can cause irritation of the mucous membrane to the eyes and respiratory system.  In addition, it may cause itching, burning and paresthesias of the skin as well as dizziness, disorientation and diminished reflex time.  Some of the toxins from Aspergillus can also infect the urinary system, reproductive system, and immune system.  In addition, Stachybotrys has been shown to cause chronic cough, rhinitis, and burning sensation of the mouth and nasal passages.   The combination of Stachybotrys plus Aspergilloses has also been shown to be extremely toxic, even causing a death in one infant.  They formally have evacuated the house and also have left behind their furniture, personal articles including photographs, documents and passports, and are in the process of disinfecting their clothing.  They have gone through tremendous upheaval in their lives because of this problem.  They are currently not reimbursed by their insurance nor are they receiving help from the people they rented the house from.  In addition, it has been found that the paint on the walls contains high amount of lead.  Although Susan, A███, and K███ lead levels are normal, K███ lead level is elevated (4).

I do believe that the family's recent problems with chronic infections, sore throats, bronchitis, nasal irritation, etc., are related to the Aspergillus and Stachybotrys contamination of their house. We are contacting a specialist in this area, Dr Dearborn, in Ohio for evaluation of the children as they continue with chronic cough and congestion.   The family has noticed significant improvement in their symptoms since leaving the house.   Susan has had alleviation of her chronic sore throat and chronic congestion since being away from the home.  When she does return to the home to pack her things and collect clothing, she has noticed a recurrence of her symptoms within 30 minutes of entering the house.

0004

Re:        Kristensen Family
Date:      May 6, 2002
Page 2


Please feel free to contact me concerning their case.  It is most unfortunate that this family does not have any compensation from their insurance company nor the homeowners for their chronic problems and especially for having to "start over" in terms of buying new furniture and personal items.

Sincerely,

Elizabeth Frye, M.D.

EMF/cliE7

0005

## CARDINAL FAMILY MEDICAL CENTER

**ELIZABETH FRYE, M.D.**
Board Certified Family Practice Physician

2119 Berkmar Drive
Suite 101
Charlottesville, Virginia 22901

Telephone (434) 973-5539
Fax (434) 973-8910

BND#BF6402842

Date 4/15/02

Name Kaia Kristensen

Address

℞ Please note that after inspection of the Kristensen's house by the EPA that the walls have been painted with lead paint. This is extremely dangerous with 2 small children at home, as lead can be toxic to this age group. We have drawn lead levels. The wall must be repainted to ensure safety

Elizabeth Frye _____M.D.

☐ Dispense As Written
☐ Voluntary Formulary Permitted
☐ Label

Refill _____ Times

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
AT CHARLOTTESVILLE

KAIA VICTORIA KRISTENSEN, a minor by )
next friend, SUSAN LEIGH KRISTENSEN, )
 )
 Plaintiff, )
 )
v. ) Case No. 3:09-CV-00084
 ) Consolidated with 3:09-CV-00085
WILLIAM DAVID SPOTNITZ and DENISE )
CONSTANCE SCHAIN, )
 )
 Defendants. )
_____ )

### PLAINTIFFS' EXPERT DESIGNATION OF DR. LEONARD VANCE

Plaintiffs, by counsel, hereby designate the following person as an expert in this case:

Dr. R. Leonard Vance, P.E., CIH, CSP, CHMM.  Dr. Vance will testify as an expert in industrial hygiene, mold contamination and remediation, and professional engineering.  His resume is enclosed.

Dr. Vance's opinions in this case are based on his experience and expertise in the fields of industrial hygiene, which he practices and teaches at the VCU Medical Center, and his training and experience as a professional engineer.  Dr. Vance relies on the depositions, photos, mold investigative reports, other expert reports and the current scientific literature to base his opinions.

Dr. Vance will opine that long term chronic water leaks that are not corrected will rapidly lead to growth of molds, and in particular, with wet drywall, the growth of the black mold, *Stachybotrys*.  He will opine that the evidence shows that long term water leaks from ceiling skylights, long term odor problems, visible mold and measured mold all occurred in the residence where the Plaintiffs resided.  Dr. Vance will describe the general growth and

reproduction of indoor molds studied in his field of industrial hygiene, their dispersal, and

availability to human exposures.  Dr. Vance will affirm that the established scientific literature

demonstrates that excessive indoor mold growths can produce mycotoxins, mold spores and

mold fragments, all microscopic in size and invisible to the naked eye, which can be inhaled by

persons living inside such homes.  Dr. Vance will opine that air samples rarely adequately

describe, capture or evaluate actual air mold spores counts as such samples are, at best, only a

"snap shot in time" and the best measure of the risk of mold exposure is the observed visible

mold and conditions known to promote mold growths, all observed in the Plaintiffs' residence.

For all these reasons, Dr. Vance will opine that the conditions in the Plaintiffs' residence

demonstrated excessive mold contamination and excessive moisture conditions that could lead to

adverse human health effects, including allergic reactions and irritation typical of the symptoms

and healths affects observed in the plaintiffs.  Dr. Vance's report is attached hereto, and his

opinions will be rendered to a degree of certainty in his field of industrial hygiene and

engineering and to a degree of more probable than not.  A list of scientific documents that Dr.

Vance relies upon is enclosed as well.

Respectfully submitted,

Kaia Kristensen and Alex Kristensen
By counsel

David S. Bailey (Va. Bar 24940; DC Bar 455518)
Environmental Law Group, PLLC
P.O. Box 6236
Richmond, Virginia 23230
TEL:  804-433-1980
FAX:  804-433-1981
Email: dbailey@envirolawva.com

Tammy L. Belinsky, Esquire (VA 43424)
Environmental Law Group
9544 Pine Forest Road
Copper Hill, Virginia 24079
TEL: 540-929-4222
FAX: 540-929-9195
Email: tambel@hughes.net

## CERTIFICATE OF SERVICE

I hereby certify that on April 1, 2011 I mailed a copy of the foregoing designation of

expert witness Leonard Vance to counsel for Defendants William Spotnitz and Denise Schain, G.

Edgar Dawson, Esq., Petty, Livingston, Dawson & Richards, 725 Church Street, Suite 1200, P.O.

Box 1080, Lynchburg, Virginia 24505.

David S. Bailey

**R. Leonard Vance, Ph.D., PE, CIH**
Center for Environmental Studies
Virginia Commonwealth University
1000 West Cary St., Rm. 220E
Box 843050
Richmond, Va. 23284-3050
(804) 628-2513; (804) 690-0779
e-mail: vance@vcu.edu

March 26, 2011

David Bailey, Esq.
The Environmental Law Group
5803 Staples Mill Road
Richmond, Virginia 23228

Re:    Kristensen v. Spotnitz, Case No. 3:09-cv-00085
United States District Court, Charlottesville, Virginia

Dear Mr. Bailey:

My name is R. Leonard Vance.  I hold a Ph.D in Chemistry from the University of Virginia, a BS in Chemistry from Virginia Tech and a JD degree from the University of Richmond,.  I am licensed by the Commonwealth of Virginia as a professional engineer.  I am also certified by the corresponding national boards as a Certified Industrial Hygienist (CIH), a Certified Safety Professional(CSP),  and a Certified Hazardous Materials Manager (CHMM).  I also hold licenses in asbestos management and the possession and use of certain highly regulated chemicals not germane to this case.  Relevant to mold and mold remediation, I teach a graduate course entitled Principles of Environmental Health that is required for graduation from the VCU Master of Public Health Program.  I also teach a year long graduate course in industrial hygiene and a course entitled Environmental Chemistry.  For over ten years, I performed mold investigations for the City of Richmond, and consulted with the City on mold programs and remediation.  I have served as a mold consultant for the Richmond City Circuit, District, and J&D Courts, the Colonial Heights, Va., Circuit Court, and for school systems in the Cities of Richmond and Manassas, and for Botetourt County.  I have directed and taught in a mold training program for schools during the summer in a dozen different locations around Virginia, sponsored jointly by USEPA, the Virginia Department of Health and the Virginia Department of Education.  I also perform private mold consulting and I am a principal and officer in a mold laboratory accredited by the American Industrial Hygiene Association.

I have previously testified in Court for the parents of the named children in this case, was admitted as an expert in that case, and reviewed all documents in preparation for the prior case as well as in this case.  Documents reviewed include all mold test results, photographs, depositions, discovery documents (in the prior case), and other expert reports (in the prior case).

Mr. Bailey
Kristensen v. Spotnitz
March 26, 2011
Page 2

My opinions in this case relate to the presence of mold in the subject home, odors, the excessive water leaks and moisture conditions, which are now referred to as "damp indoor spaces;" the nature and types of molds found in the home and the potential health risks they represent, especially to children under the age of six years; and the general scientific literature at the time of the occurrence and as later developed in mold research on environmental and potential adverse health effects.

I hold the opinion, based on the photos, mold test results and the depositions of the parties, that the residence at 560 Blumfield Road was contaminated with excessive levels of mold and moisture conditions. Excessive levels of mold begin with "visible mold" on walls and interior areas. Under established federal guidance from EPA, see, *e.g.*, Mold Remediation in Schools and Commercial Buildings, EPA 402-K-01-001 (March 2001), if visible mold is present, then remediation and corrective action should begin, and sampling may be entirely unnecessary. (P. 25). It is enough that visible mold be present, especially if such mold, as here, is growing on interior walls as opposed to a common environment such as a shower stall. This is particularly important, again as here, when musty or damp odors are reported by the building occupants. These odors, which are fairly distinctive as to damp conditions and mold growth, are produced by mold proliferation and rotting building materials; the odors are generally caused by volatile organic compounds (VOCs) produced by the molds. Centers for Disease Control (CDC), Mold Prevention Strategies and Possible Health Effects in the Aftermath of Hurricanes and Major Floods, 2006, p. 3; EPA at 43.

When excessive moisture conditions accumulate in homes, mold growth will occur. EPA at 2; CDC, p. 4. Under moist conditions, mold growth is not limited to what is visible on the interior walls, but mold may be growing on hidden surfaces such as the backs of drywall, wall paper, paneling, carpet, or a plaster wall. In most cases of excessive water intrusion, as here, mold growth may occur in many different locations and produce elevated levels of mold spores and fragments in the air, where such mold can be inhaled. EPA at 8. Inhalation is the primary means of mold health injury except in limited occupational exposures.

Molds are allergenic, whether dead or alive, and some molds may be toxic. EPA at 17. All molds have the potential to cause health effects, and molds produce allergens, irritants, and in some cases toxins. EPA at 40, CDC, generally. It is well established that mold and the related moisture exposure conditions can cause irritation of the skin, eyes, throat and upper respiratory tract as well as allergic reactions. EPA at 40, 41. Although all molds are allergic, some types of mold have long been associated with adverse human health effects inside homes. Their presence is an outgrowth of long term moisture conditions. One particular mold, *Stachybotrys*, is known to be a slow growing organism which requires continuous or frequent water intrusion in order to survive. In this case, the occurrence of *Stachybotrys* on interior walls demonstrates a long term water problem, not a single or even an occasional water intrusion issue. In addition, the presence

Mr. Bailey
Kristensen v. Spotnitz
March 26, 2011
Page 3

of *Aspergillus* and *Pencillium*, other molds of human health concern, also indicates an excessive water environment.

In addition to the water issues, levels of mold identified by air sampling also indicate excessive mold growths in the indoor air at the time of sampling. This is important because, compared to outside air, it indicates proof that mold is growing inside the home. A conventional way of evaluating indoor air quality involves the collection of mold samples both inside a building and outdoors next to the building. The presence of mold inside the building that is not present outside demonstrates indoor production of the mold. And the presence of significantly higher concentrations of a mold inside than those of the same mold outside is also taken as an indicator of the presence of an indoor source of contamination.

Using all mold testing available from the air, swabs and on the surface (tape lifts), I conclude that the subject home was contaminated with excessive levels of mold which were not normal and contained molds known to be allergenic and to have adverse human health effects. Further, because of the odors reported, the excessive moisture conditions in combination with mold and the reactions of the plaintiffs themselves, there were clearly VOCs in the air inside the home in sufficient quantities to cause irritation.

As to mold remediation and family property, including the children's belongings, I hold the view that there was sufficient moisture contamination to require professional cleaning of this property. That said, the cost of such cleaning and the fact that there were sick children in the home, which denotes a more careful and higher standard of cleaning, warranted disposal of the belongings. It would simply have been too difficult and expensive to save and/or make safe a lot of used family belongings, particularly so for the children's items. All of those had to go.

In addition to the documents cited herein, I also rely on and will cite from passages contained in the American Conference of Governmental Industrial Hygienists', Bioaersols, Assessment and Control, (1999) and the Institute of Inspection, Cleaning and Restoration Certification, IICRC Standard and Reference Guide for Professional Water (1999) and Mold (2003) Damage Restoration, S500 and S520, both adopted by Virginia as Professional Standards for Remediation; Institute of Medicine of the National Academies, Damp Indoor Spaces and Health, National Academies Press, Washington, DC 2004; and the World Health Organization treatise on damp indoor spaces, Guidelines for Indoor Air Quality: Dampness and Mould, 2009. Virginia, by statute[1], has adopted most of these documents as authoritative sources of guidance in the field of mold evaluation and remediation.

My opinions are rendered to a reasonable degree of certainty in my professional fields and to a degree of more likely than not.

Mr. Bailey
Kristensen v. Spotnitz
March 26, 2011
Page 4

Respectfully submitted,

*R Leonard Vance*

R. Leonard Vance, Ph.D., PE, CIH
Associate Professor

1.      § 8.01-226.12, Code of Virginia: "Mold remediation in accordance with professional standards" means mold remediation of that portion of the dwelling unit or premises affected by mold, or any personal property of the tenant affected by mold, performed consistent with guidance documents published by the United States Environmental Protection Agency, the United States Department of Housing and Urban Development, the American Conference of Governmental Industrial Hygienists (the Bioaerosols Manual), Standard Reference Guides of the Institute of Inspection, Cleaning and Restoration for Water Damage Restoration and Professional Mold Remediation, or any protocol for mold remediation prepared by an industrial hygienist consistent with said guidance documents.

# ROBERT LEONARD VANCE, Ph.D., JD, PE, CIH, CSP, CHMM

Associate Professor
Center for Environmental Studies
Box 843050
1000 West Cary St., Rm. 220E
Virginia Commonwealth University
Richmond, Va. 23284-3050
(804) 828-7202; (804) 628-2513
vance@vcu.edu
http://www.vcu.edu/cesweb/

Associate Professor
Center for Environmental Studies
Virginia Commonwealth University

| | |
|---|---|
| Professional Engineer | (PE) |
| Certified Industrial Hygienist | (CIH) |
| Certified Safety Professional | (CSP) |
| Attorney at Law | |

## COLLEGIATE TRAINING

| Institution | Degree | Year | Major |
|---|---|---|---|
| Virginia Tech | B.S. | 1962 | Chemistry |
| University of Virginia | Ph.D. | 1969 | Inorganic Chemistry |
| University of Richmond | J.D. | 1975 | Law |

## PROFESSIONAL ORGANIZATIONS:

American & Virginia Public Health Associations
National & Virginia Society of Professional Engineers
American Academy of Industrial Hygiene;
American Chemical Society; Sigma Xi;
American Industrial Hygiene Association
American Conference of Governmental Industrial Hygienists
American Society of Safety Engineers
American Soc. of Heating, Refrig., & Air Cond. Engineers (ASHRAE)
American Institute of Hazardous Materials Managers
American and Richmond Bar Associations;
Virginia State Bar

## PROFESSIONAL LICENSES:

| | | |
|---|---|---|
| Licensed to practice law in Virginia; | | # 15305 |
| Licensed to practice engineering in Va., | | # 0402029662 |
| Board certifications: | Industrial Hygiene; | # 4155 |
| | Safety; | # 12407 |
| Hazardous Materials Management | | # 8699 |

PAST MEMBER AND CHAIR: Virginia Board for Asbestos, Lead & Home Inspectors;
Virginia Department of Professional & Occupational Regulation

Past Member: Board of Governors, Environmental Law Section,
                          Virginia State Bar

OCCUPATIONAL HISTORY:

**1986** through **present**
   Associate Professor, Center for Environmental Studies (8/2010 – present); Dept. of
   Epidemiology (Preventive Medicine until 1/1/2005) & Community Health (86-2010);
   Virginia Commonwealth University

**1982** to **1986**
   Director of Health Standards
   U.S. Occupational Safety and Health Administration

**1976** to **1982**
   Assistant Attorney General of Virginia representing State Health Department

Chemistry Department Faculty:
   Virginia Commonwealth University; 1970 to 1981
   Danville Community College; 1968 to 1970

July, 1986 to present:  Associate Professor, Center for Environmental Studies (August, 2010 –
present); Department of Epidemiology (Preventive Medicine until 1/1/2005) & Community
Health (1986 – 2010), Virginia Commonwealth University.  Teach graduate courses in
occupational and environmental health and safety, public health law, environmental law,
industrial hygiene, and solid waste management. Graduate program director 2006-7.  Advise
graduate students in Master of Science (Env'l Studies) and Master of Public Health (MPH)
programs.  Teach continuing education courses in lead, asbestos, hazardous waste management
with VCU Center for Environmental Studies.  Also hold collateral appointments in VCU
Department of Epidemiology and in Department of Chemical Engineering and actively teach in
both programs.

1982 to 1986:  As Director of Health Standards, prepared occupational health standards
governing toxic substances for promulgation by OSHA. Developed priorities for Assistant
Secretary of Labor for Occupational Safety and Health for regulation of workplace exposure to
toxic chemicals.  Hired and managed scientists, engineers, industrial hygienists, and physicians
for OSHA health standards projects.  Served as OSHA representative on various federal
interagency committees, such as Federal Asbestos Task Force and IRMC carcinogen, risk
assessment, and formaldehyde committees.  Delivered Congressional testimony, public hearing
presentations, and speeches to national and international public health bodies on behalf of
OSHA.  Prepared for delivery to the Assistant Secretary the following specific OSHA health
standards:

Access to Medical Records          Formaldehyde
Asbestos                           Hazard Communication
Benzene                            Laboratories
Cancer Policy                      Lead
Cotton Dust                        Methods of Compliance
Ethylene Dibromide                 Methylenedianiline
Ethylene Oxide                     Respirators
Field Sanitation

1976 to 1982:  Assistant Attorney General of Virginia representing Virginia Department of Health (VDH).  Active litigator in state and federal court representing VDH in environmental and public health litigation involving solid and hazardous waste, occupational safety and health, kepone and other toxic substances, public water supplies, sewage, public health nuisances, radiation, milk and shellfish sanitation; drafted legislation and regulations in these areas. Presented testimony before the Virginia General Assembly and other legislative and regulatory bodies.

1968 to 1981:  Taught general, analytical and advanced inorganic chemistry and instrumental analysis on a full (68-76) and part time (76-81) basis.

Co-author:      Virginia OSHA Compliance Handbook; Government Institutes; 1992
                Railroad Health and Safety; A Litigator's Guide; 1999


## COMMERCIAL LABORATORY ACTIVITIES

Since 1987, have been a co-owner in four local commercial laboratories that provided environmental and occupational analytical services.  These laboratories are Schneider Laboratories, Scientific Laboratories, Scientific Testing Laboratories, and Sanair Laboratory.  Have served as an officer in all four laboratories and as laboratory director in one.  Currently Corporate Secretary of Sanair Laboratory, an industrial hygiene analytical laboratory.

## PRACTICE OF LAW

Since 1986, have maintained a small law practice, as authorized by my University Chairman and consistent with a nine month University appointment.  Limited to no more than five active cases, divided between water pollution litigation and defense against OSHA enforcement actions.  Litigate cases in both state and federal court, representing both plaintiffs and defendants.

## FARMING ACTIVITIES

Own and operate a 100 acre family farm in Lunenburg County, Virginia, owned by my family for 90 years.  Commercial activity includes beef production, sale to horse owners of orchard grass and alfalfa hay, and a Virginia licensed quail shooting preserve.

Rule 26 Disclosure for January 1, 20C 007 - March,                    2011

| Date | CASE | Attorney | Depo/trial |
|------|------|----------|------------|
| 2/12/2007 | Richard J. Wilson v. Norfolk Southern, et al. Wayne County, MI | Chris Murphy Jeffrey Roberts | deposition |
| 2/27/2007 | Mills v. Norfolk & Portsmouth Belt Line | R. Appleton; Shawn Voyles | deposition |
| 3/24/2007 | Estate of Orland Dominy v. CSX | Kendra Smith; Robert Goggin | Deposition |
| 5/30/2007 | Kristensen v. Spotnitz; Albemarle Va C. Ct. | Stacy Reed; David Bailey | deposition |
| 6/12/2007 | Maynard v. No. So. | A. Shank & Wade Law Firm | deposition |
| 6/26/2007 | Brooks v. Dunivan | C Dowd, Carl Schwertz | deposition |
| 10/25/2007 | R. Love v. CSX | H. Bailey; David Damico | deposition |
| 10/29/2007 | Estate of Hale v. Conrail | M. Zerega, M. Torcello | deposition |
| 11/28/2007 | J. Hill v. Huntington/Prime | A. Jones; H. Leiner | deposition |
| 12/19/2007 | Hickman v. CSX | J. Turner; Wade | deposition |
| 1/10/2008 | Deviney v. Union Pacific RR | W. Lamson; C. LeNeave | deposition |
| 5/16/2008 | Denney v. ConRail, et al. | R. Sigurdson; M. Torcello | deposition |
| 6/25/2008 | Kristensen v. Spotnitz | David Bailey | trial testimony |
| 10/1/2008 | Plummer v. CSX | R. Jordan; S. Lawlor | deposition |
| 10/17/2008 | Wm. Shepard v. Canadian Rail | K. Alexandersen; M. Torcello | deposition |
| 10/30/2008 | Wm. Shepard v. Canadian Rail | Michael Torcello; Doran & Murphy | trial testimony |
| | Christian Wright v. Norfolk Southern | Randall Appleton | |
| 10/20/2008 | Christian Wright v. Norfolk Southern | J. Baker; R. Appleton | deposition |
| 10/22/2008 | Plummer v. CSX | Seward Lawlor; Glasser & Glasser | trial testimony |

| | | | |
|---|---|---|---|
| 10/24/2008 | Kovich v. Duluth, Winnipeg | C. LeNeave | de bene esse depositio |
| 4/3/2009 | L. Shelton v. CSX | S. Setliff, K. Smith, R. Shapiro | deposition |
| 7/13/2009 | Payne v. CSX | R. Jordan, R. Shapiro | deposition |
| 7/20/2009 | Ghysels v. CSX Transportation | K. Smith, W. Gavin | deposition |
| 7/23/2009 | Goffe v. Trent | C. Schwertz, D. Bailey | deposition |
| 9/5/2009 | Estate of Jerome Gish v. CN & Ill. Central RR | T. Peters, W. Gavin | deposition |
| 2/23/2010 | Goffe v. Trent | D. Bailey | trial testimony |
| 4/27/2010 | Edward R. Jolley, BNSF | A. Carafelli; Bremseth Law | deposition |
| 7/22/2010 | Brad Thompson v. Union Pacific, et al. | W. Lamson, W. Gavin | deposition |
| 7/26-27/2010 | Edward R. Jolley, BNSF | Bremseth Law | trial testimony |
| 10/7/2010 | McCoy v ICRR | Simmons, Browder | deposition |
| 2/14/2011 | Gibson v. Conrail | Doran & Murphy | deposition |

testified for    about

P        asb, DE

P        asb, DE

P        asb, DE

P        mold

P        asb, DE

P        mold

P        asb, DE

P        asb, DE

D        lead

P        asb, DE


P        asb, DE

P        asb, DE

P        mold

P        asbestos

P        asb, DE

P        asb, DE

P        lifting

P        lifting

P        asbestos

P            cold env.


P            asb, DE

P            asb, DE, radiation

P            asb, DE

P            mold

P            asb, DE


P            mold

P            asb, DE

P            asb, DE

P            asb, DE

P            asb, DE


P            asb, DE