IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
AT CHARLOTTESVILLE

| | |
|---|---|
| K. V. K., a minor by next friend, ) <br> SUSAN LEIGH KRISTENSEN, et al., ) <br> ) <br> Plaintiff, ) <br> ) <br> v. ) <br> ) <br> WILLIAM DAVID SPOTNITZ and ) <br> DENISE CONSTANCE SCHAIN, ) <br> ) <br> Defendants. ) <br> _____) | Case No.: 3:09CV00084 |

**DEFENDANTS' REPLY TO PLAINTIFFS' RESPONSE TO MOTION *IN LIMINE*
TO EXCLUDE SUBSEQUENT REMEDIAL MEASURES**

COME NOW before the Court, the defendants, by counsel, and replies to the plaintiffs' response to the defendants' Motion in Limine to exclude subsequent remedial measures. In support of the defendants' reply, they state as follows:

1. To defeat the defendants' motion, plaintiffs argue that feasibility of the repairs is in issue. In support of this argument, plaintiffs' cite to denials of the following allegations in the Complaint.

> Plaintiff asserts that Defendants knew of water leaks and musty conditions in the home, and that Defendants failed to correct or repair such leaks, prevented Plaintiff's parents from correcting such conditions, and therefore assumed all duties and liabilities for adverse health conditions resulting from the uncontrolled water leaks. ¶ 1 of the Complaint (emphasis added).

> During the period of occupancy, Plaintiff was exposed to excessive water intrusion which the Defendants knew of, but refused to fix themselves or permit Plaintiff's parents to repair. ¶ 3 of the Complaint (emphasis added).

> Defendants agreed to permit the Plaintiff's family to stay without rent, and Defendants provided a list of service providers for maintenance of the house, with the notable exception that no repairs were authorized for the leaking roof and skylights. ¶ 9 of the Complaint.

1

    2.     In paragraphs 1 and 3, the allegations clearly assert that defendants had <u>knowledge</u> that the skylights leaked.  The defendants denied that they had knowledge of the same.  <u>See</u> Answer, Docket Number 23.

    3.     For paragraph number 9, the plaintiffs alleged that the defendants did not authorize the plaintiff's parents to repair the leaking roof and skylights.  Implicit in this allegation is that defendants had knowledge that the roof and skylights were leaking.  Before defendants could take any corrective action, some knowledge of the same would be required.  Defendants had no such knowledge.  This reason served as the basis for the defendants' denial.

    4.     These denials are consistent with Ms. Schain's deposition testimony in the prior state court proceeding.  In her deposition, she denies that the plaintiffs' parents ever informed her that the skylights were leaking.  Denise Schain Deposition at page 32, line 6 – 17, attached hereto as <u>Exhibit A</u>.  She further testified that, while the Kristensens were occupying the house, she did not see that the skylight was leaking during her visits September 2000 and August 2001.  <u>Id</u>. at page 39, line 3 – 9.  She never had any knowledge of the skylight leaking after August 2001.  <u>Id</u>. at page 39, line 10 – 13.  No one in the Kristensen family ever notified her that the skylights were leaking in the home during their occupancy.  <u>Id</u>. at page 40, line 16 – 20.

    5.     Because the feasibility of repairs is not in issue, any evidence of subsequent remedial measures must be excluded.

    WHEREFORE, the defendants respectfully request that this Court enter an Order to

    (i)     Preclude Darren Giacolome from offering any opinion or lay testimony in the trial of this matter as it relates to subsequent remedial measures of repairs to the alleged leaking skylight;

(ii) Preclude the plaintiffs from offering any evidence on subsequent remedial measures and/or repairs to the alleged leaking skylight;

(iii) Preclude the plaintiffs from offering any evidence on the feasibility of the repairs to the skylight;

(iv) Preclude the plaintiffs from offering as exhibits documents with bates numbers 475 and 476, which is attached to plaintiffs' designation of Darren Giacolome;

(v) Pay defendants' reasonable attorneys' fees in the prosecution of this motion;

(vi) for such other and further relief as this Court deems appropriate.

Respectfully submitted,

WILLIAM DAVID SPOTNITZ
DENISE CONSTANCE SCHAIN


By    s/ Chad A. Mooney
            Counsel


G. Edgar Dawson, III
VSB #: 21666
Chad A. Mooney
VSB #: 75211
**PETTY, LIVINGSTON,
DAWSON & RICHARDS**
725 Church Street, Suite 1200
P.O. Box 1080
Lynchburg, VA  24505
(434) 846-2768 (telephone)
(434) 847-0141 (facsimile)
edawson@pldrlaw.com
cmooney@pldrlaw.com

3

## CERTIFICATE OF SERVICE

      I, Chad A. Mooney, do hereby certify that the **Defendants' Reply To Plaintiffs' Response To Motion *In Limine* To Exclude Subsequent Remedial Measures** was sent using the CM/ECF system which will send notification of such filing to David Bailey, counsel for plaintiff, on this 29th day of April, 2011.

                                                 s/ Chad A. Mooney
                                                   Chad A. Mooney