IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
AT CHARLOTTESVILLE

| | |
|---|---|
| K. V. K., a minor by next friend, ) <br> SUSAN LEIGH KRISTENSEN, et al., ) <br> ) <br> Plaintiff, ) <br> ) <br> v. ) <br> ) <br> WILLIAM DAVID SPOTNITZ and ) <br> DENISE CONSTANCE SCHAIN, ) <br> ) <br> Defendants. ) <br> _____) | Case No.: 3:09CV00084 |

**DEFENDANTS' REPLY TO PLAINTIFFS' MEMORANDUM IN
OPPOSITION TO DEFENDANTS' MOTION TO STRIKE AND
EXCLUDE PLAINTIFFS' TREATING PHYSICIANS**

COME NOW before the Court, the defendants, by counsel, and replies to the plaintiffs' memorandum in opposition to defendants' motion to strike and exclude any opinion testimony of the plaintiffs' treating physicians.

1. Initially, defendants moved to exclude the plaintiffs' treating physicians because the plaintiffs failed to both properly designate Dr. Frye, Dr. Poehailos, and Dr. Elgort and disclose (i) the subject matter on which the witness is expected to present evidence under Federal Rule of Evidence 702, 703, or 705; and (ii) a summary of the facts and opinions to which the witness is expected to testify." FED.R.CIV.P. 26(a)(2)(C).

2. In response, the plaintiffs essentially argue that production of the treating physicians' medical records comply with Rule 26(a)(2)(C). Such an argument violates the clear and plain language of the rule. The Advisory Committee Notes provide the following:

> A witness who is not required to provide a report under Rule 26(a)(2)(B) may both testify as a fact witness and also provide expert testimony under Evidence Rule 702, 703, or 705. Frequent examples include <u>physicians or</u>

1

> <u>other health care professionals</u> and employees of a party who do not regularly provide expert testimony. Parties <u>must</u> identify such witnesses under Rule 26(a)(2)(A) and provide the disclosure required under Rule 26(a)(2)(C). The (a)(2)(C) disclosure obligation does not include facts unrelated to the expert opinions the witness will present.

2010 Notes of Advisory Committee at ¶ 7 (emphasis added).

3.Had the Rules Committee wanted to provide an alternative means for disclosure of treating physicians, which commonly arises, it could have expressly included a provision to allow for production of medical records in lieu of disclosing the subject matter and summary of facts and opinions.

4.Without providing this information as called for under Rule 26(a)(2)(C), mere reference to medical records (1) forces the defendants to speculate as to the opinions and the supporting factual basis, (2) creates an undue burden on the defendants, and (3) fails to narrow the issues for trial. For instance, it is quite common for a treating physician to offer a number of opinions, which may or may not be apparent in the medical records. The defendants have no practical way of determining how many opinions, which opinions, and the extent of the opinions solely by looking at the medical records. As a result, the defendants are unduly burdened by chasing down every conceivable opinion that the treating physician could possibly offer. One of the important aspects of discovery is to narrow the issues for trial. Without proper disclosure, the parties cannot limit those issues that may be presented at trial.

5.Plaintiffs further argue that mere reference to a portion of Dr. Frye's medical records suffice as a summary of the opinions that will be offered at trial. However, it is impossible to ascertain the full extent of all opinions by Dr. Frye in the letter dated May 6, 2002. Again, the defendants would be left to speculate. The more appropriate procedure would have

been to create a disclosure where the plaintiffs clearly set forth the subject matter and a summary of opinions and the factual basis therefor.

6. Therefore, plaintiffs' expert disclosure of the treating physicians, or the lack thereof, does not comply with Rule 26(a)(2)(C) and the opinions of the treating physicians must be excluded.

7. Apparently recognizing their deficient disclosures, the plaintiffs attempt to cure the deficiencies by designating the treating physicians over three weeks after the plaintiffs' expert disclosure and one week prior to the defendants' expert disclosure deadline on May 6.

8. Defendants have been prejudiced by the flawed designations because they cannot likewise adequately and timely respond with designation of their own experts. For instance, after careful analysis of the untimely supplemental designations, defendants may have to possibly retain and designate an expert that was not contemplated, let alone one week before the deadline.

9. In the event that this Court deems the plaintiffs' late expert designations permissible, then the defendants request that they be permitted to file supplemental expert disclosure to a date that the Court finds appropriate.

WHEREFORE, the defendants respectfully request that this Court enter an Order to

(i) Preclude plaintiffs' treating physicians from offering any opinion testimony in the trial of this matter;

(ii) Limit the plaintiffs' treating physicians to offer testimony limited only to factual treatment;

3

(iii)   Extend the expert disclosure deadline for the defendants or allow them to file supplemental disclosures after the expert disclosure deadline to a date that the Court finds appropriate;

(iv)   Pay defendants' reasonable attorneys' fees in the prosecution of this motion;

(v)   for such other and further relief as this Court deems appropriate.

Respectfully submitted,

WILLIAM DAVID SPOTNITZ
DENISE CONSTANCE SCHAIN

By   s/ Chad A. Mooney
                Counsel

G. Edgar Dawson, III
VSB #: 21666
Chad A. Mooney
VSB #: 75211
**PETTY, LIVINGSTON,
DAWSON & RICHARDS**
725 Church Street, Suite 1200
P.O. Box 1080
Lynchburg, VA  24505
(434) 846-2768 (telephone)
(434) 847-0141 (facsimile)
edawson@pldrlaw.com
cmooney@pldrlaw.com

**CERTIFICATE OF SERVICE**

I, Chad A. Mooney, do hereby certify that the foregoing **Defendants' Reply To Plaintiffs' Memorandum In Opposition To Defendants' Motion To Strike And Exclude Plaintiffs' Treating Physicians** was sent using the CM/ECF system which will send notification of such filing to David Bailey, counsel for plaintiff, on this 29th day of April, 2011.

s/ Chad A. Mooney
           Chad A. Mooney

4