# IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF VIRGINIA
### CHARLOTTESVILLE DIVISION

| | |
|---|---|
| ALEXANDER STONE KRISTENSEN, a minor by next friend, SUSAN LEIGH KRISTENSEN, and KAIA VICTORIA KRISTENSEN, a minor by next friend, SUSAN LEIGH KRISTENSEN,<br>*Plaintiffs,*<br><br>v.<br><br>WILLIAM DAVID SPOTNITZ and DENISE CONSTANCE SCHAIN<br>*Defendants.* | CIVIL ACTION NO. 3:09-CV-00084<br><br>MEMORANDUM OPINION<br><br>JUDGE NORMAN K. MOON |

This is a personal injury action arising out of alleged mold contamination of a residence owned by Defendants and occupied by Plaintiffs. Pending before the court are Defendants' motions in limine to exclude from introduction at trial: (i) the testimony of Plaintiffs' treating physicians, Dr. Elizabeth Frye, Dr. Anthony Poehailos, and Dr. Andrew C. Elgort, for failure to comply with Federal Rule of Civil Procedure 26(a)(2)(C) (docket no. 59); (ii) the testimony of Dr. Frye, for failure to comply with Federal Rule of Civil Procedure 26(a)(2)(B) (docket no. 70); and the testimony of Darren Giacolome pursuant to Federal Rule of Evidence 407 (docket no. 61). For the reasons given herein, I will deny the motions, and order Plaintiffs to provide a supplemental Rule 26(a)(2)(C) disclosure as to Dr. Elgort.

# I.

Plaintiffs Alexander Stone Kristensen ("Alex") and Kaia Victoria Kristensen ("Kaia"), minor children of Stein Kristensen ("Stein") and Susan Leigh Kristensen, ("Susan," and collectively, the "Kristensens"), brought two separate but closely related actions for damages in the Circuit Court for Albemarle County, Virginia. After removal to this court, the Magistrate Judge ordered that the cases be consolidated.[1] (docket no. 28).

In essence, Plaintiffs allege that the Kristensens had an oral agreement to "house sit" for Defendants at Defendants' Charlottesville, Virginia home beginning in August 2000, for an indefinite period. Under the terms of the agreement, in exchange for rent-free occupancy, the Kristensens agreed to pay the utilities, provide security by their presence, and advise Defendants of any problems with the residence. Although Defendants knew that doing so was necessary to maintain a safe and habitable living environment, they did not repair, or permit the Kristensens to repair, leaks in the roof and skylights. Because of the resulting damp conditions, the house became infested with dangerous molds. After a long period of exposure to such molds, Plaintiffs fell ill and suffered serious injury.

As noted, Defendants have filed motions seeking to exclude (i) the testimony of Plaintiffs' treating physicians for failure to provide adequate disclosures under Rule 26(a)(2)(C); (ii) the testimony of Dr. Frye for failure to provide adequate disclosures under Rule 26(a)(2)(B); and the testimony of Darren Giacolome as improper under the Rules of Evidence.

---

[1] Civil actions nos. 3:09-cv-85 and 3:09-cv-84.

**A.**

"[A] party must disclose to the other parties the identity of any witness it may use at trial to present" expert testimony. Fed. R. Civ. P. 26(a)(2)(A). "Unless otherwise stipulated or ordered by the court, this disclosure must be accompanied by a written report . . . if the witness is one retained or specially employed to provide expert testimony . . . ." Fed. R. Civ. P. 26(a)(2)(B). However, in cases where a full report is not required, the disclosure need only state "(i) the subject matter on which the witness is expected to present evidence . . . ; and (ii) a summary of the facts and opinions to which the witness is expected to testify." Fed. R. Civ. P. 26(a)(2)(C). As they are not typically "retained or specially employed to provide expert testimony," treating physicians are not ordinarily required to file Rule 26(a)(2)(B) expert reports. *See Perkins v. United States*, 626 F. Supp. 2d 587, 590 (E.D. Va. 2009). However, a party seeking to introduce treating physician testimony should generally comply with Rule 26(a)(2)(C). Defendants' first motion in limine seeks exclusion of treating physician testimony for failure to comply with this rule.

Under the terms of a scheduling order, Plaintiffs' initial expert disclosures were due by April 6, 2011, Defendants' initial expert disclosures were due by May 6, 2011, and a final discovery deadline is set for July 5, 2011. (docket no. 48). On April 1, 2011, Plaintiffs filed a "notice of the use of Drs. Frye, Poehailos, and Elgort as treating physicians." (docket no. 51). The filing did not include any expert reports or other disclosures as to Drs. Poehailos and Elgort, however it did include a letter from Dr. Frye, which Plaintiffs contend satisfies the requirements of Rule 26(a)(2)(C). The disclosures also refer to "[m]edical records of the treating physicians," which had been submitted "in previous discovery." On April 28, 2011, after Defendants filed the instant motion, Plaintiffs filed three supplemental "treating physician summar[ies]" pertaining to

Dr. Frye, Dr. Poehailos, and a Dr. Gary P. Rakes.[2] (docket nos. 65-67). Plaintiffs have not made any supplemental filing with respect to Dr. Elgort.

Plaintiffs state that they filed the April 28 summaries as a precaution, but that they nevertheless had "exceeded the requirement" of Rule 26(a)(2)(C) by timely filing the complete medical records of the treating physicians. Rule 26(a)(2)(C) became effective December 1, 2010, and I am unaware of any appellate court to have considered the scope of its "summary" requirement. But whatever the precise meaning of the requirement, a "summary" is ordinarily understood to be an "abstract, abridgment, or compendium. . . ." Merriam Webster's Collegiate Dictionary 1179 (10th Ed. 1993). It follows that Plaintiffs cannot comply with the rule by disclosing the complete records of the treating physicians in issue. *See Nicastle v. Adams County Sheriff's Office*, No. 10-cv-00816, 2011 WL 1674954, at *1 (D. Colo. May 3, 2011) (holding that "summary" was improper where disclosures merely referred to expert's voluminous investigation files); *Cf. Crabbs v. Wal-Mart Stores, Inc.*, No. 4:09-cv-00519, 2011 WL 499141, at *2 (S.D. Iowa Feb. 4, 2011).

As noted, Plaintiffs contend that they timely filed a proper Rule 26(a)(2)(C) disclosure with respect to Dr. Frye, consisting of a letter from Dr. Frye dated May 6, 2002. The letter indicates, *inter alia*, that Dr. Frye treated the Kristensens, that the family members had various upper respiratory infections, that there was mold in the house, that it has been shown that mold can cause irritation to the respiratory system, and that she "believe[s] that the family's recent problems . . . are related to [mold] contamination of their house." Although I need not decide the matter, my impression is that the letter adequately sets forth the subject matter on which Dr. Frye is expected to testify, and a summary of facts on which she bases her opinion. Fed. R. Civ. P. 26(a)(2)(C). If the letter is defective, it is because it does not explicitly indicate that Dr. Frye

---
[2] Dr. Rakes is not the subject of any of the pending motions.

will testify, although that is clear from Plaintiffs' other filings. But even if the letter is not sufficient, the April 28 filing cures any defect, as it generally repeats the information from the letter, and explicitly states that Dr. Frye will testify at trial.[3]

The April 28 filing as to Dr. Poehailos similarly provides an adequate disclosure under Rule 26(a)(2)(C). It indicates that Dr. Poehailos treated Alex and Susan "for significant psychiatric problems, which . . . stemmed from the family problems in dealing with the mold exposures. . . ." It further states that Dr. Poehailos will testify to Alex's "adverse emotional and psychological impacts as a result of mold problems" and "the temporal relationship between the Mother and child's problems and the problems in the home." Although the detail provided in both April 28 disclosures is not great, the Advisory Committee cautions that the requirements of Rule 26(a)(2)(C) are "considerably less extensive" than Rule 26(a)(2)(B), and that "[c]ourts must take care against requiring undue detail, keeping in mind that these witnesses have not been specially retained and may not be as responsive to counsel as those who have." Especially when read in light of the medical records disclosed, the April 28 filings allow the Defendants adequate opportunity to prepare their defense.

Under the circumstances, it would be inappropriate to exclude the testimony of Drs. Frye and Poehailos. A court may exclude evidence if a party "fails to provide information . . . as required by Rule 26(a) or (e) . . . unless the failure was substantially justified or harmless." Fed. R. Civ. P. 37(c)(1). In making such a determination, a court should consider five factors:

> (1) the surprise to the party against whom the evidence would be offered; (2) the ability of that party to cure the surprise; (3) the extent to which allowing the evidence would disrupt the trial; (4) the importance of the evidence; and (5) the nondisclosing party's explanation for its failure to disclose the evidence.

---

[3] The summary also indicates that "Dr. Frye will discuss the harmful effects of the molds . . . as well as the accompanying documents supporting mold contamination, including photos and documents. . . ." As counsel for Plaintiffs has retracted that portion of the summary, Defendants' objections thereto need not be addressed.

*Southern States Rack and Fixture Company v. Sherwin-Williams Company*, 318 F.3d 592, 597 (4th Cir. 2003). This test "does not require a finding of bad faith or callous disregard of the discovery rules," although it may be "relevant to the fifth factor." *Id.*

The *Southern States* factors weigh against granting exclusion of the testimony of Drs. Frye and Poehailos. Although the April 28 disclosures were not submitted within the initial expert witness disclosure deadline, the Federal Rules of Civil Procedure explicitly contemplate late disclosure of Rule 26(a) material. Rule 26(e) requires a party to "supplement or correct its disclosure . . . in a timely manner if the party learns that in some material respect the disclosure or response is incomplete or incorrect . . . ." Furthermore, the pretrial order in this case indicates that "[s]upplemental and additional disclosures" for Rule 26(a)(2)(C) expert witnesses may be submitted after the initial deadline, "if submitted 'in sufficient time' that discovery, if desired, can be completed reasonably by the discovery cutoff date without undue duplication and expense." (docket no. 9) Plaintiffs filed supplemental disclosures as to Drs. Frye and Poehailos within ten days of Defendants' motion, a full week before Defendants' expert disclosures were due, and well before the close of discovery or the anticipated start of trial.[4] As Plaintiffs acted with reasonable promptness, Defendants cannot claim undue surprise. Moreover, the importance of the disclosures withheld is low, when viewed in light of Plaintiffs' full disclosure of the treating physicians' medical records. While Plaintiffs' explanation for their failure to disclose is not clear, there is no evidence, indication, or even allegation of bad faith here.

Finally, I must address Defendants' motion with respect to Dr. Elgort. At the hearing, counsel indicated that Plaintiffs' failure to provide a supplemental Rule 26(a)(2)(C) disclosure as

---

[4] Contrary to Defendants' contention, this case is not at all like *Ingram v. ABC Supply Co., Inc.*, No 3:08-1748, 2010 WL 233859, (D.S.C. Jan. 14, 2010). In that case, expert disclosures were due by March 20, 2009; the discovery deadline was September 1, 2009; and the motion in limine was filed on December 3, 2009. 2010 WL 233859, at * 1.

to Dr. Elgort stemmed from an inability to secure the doctor's cooperation, or to decipher his illegible treatment records. As Rule 26(a)(2)(C) applies "[u]less otherwise stipulated or ordered by the court," a district judge has some discretion to alter the disclosure requirements. However, it would be imprudent to depart from the ordinary rule absent reasons more compelling than those identified. Defendants are entitled to some advance notice of Dr. Elgort's testimony. As Plaintiffs must have had some reason to designate Dr. Elgort as a witness, I presume that they can articulate a summary of his anticipated testimony in a manner that satisfies the discovery rules.

Nonetheless, *Southern States* counsels against excluding Dr. Elgort's testimony at this early stage in the litigation. Counsel appears to have acted in good faith, discovery is not yet complete, and the trial date is months away. Rather than preclude Dr. Elgort's testimony, I will order Plaintiffs to file an appropriate supplemental Rule 26(a)(2)(C) disclosure within the next fourteen days. In the event this late disclosure causes any prejudice to Defendants, they may move for an appropriate extension of time.

**B.**

Defendants move to exclude the expert testimony of Dr. Frye for failure to include an expert report pursuant to Rule 26(a)(2)(B). Courts within this circuit have concluded that such a report is required when a treating physician is called to opine on information learned outside of the course of treatment. *See Banks v. Cook*, 2009 U.S. Dist. LEXIS 5107 (E.D. Va. Jan. 26, 2009); *Sullivan v. Glock, Inc.,* 175 F.R.D. 497, 501 (D. Md. 1997); *Hall v. Sykes* 164 F.R.D. 46, 48-49 (E.D.Va. 1995). Defendants argue that since a "Sci-Labs" mold report is the "only evidence" of mold contamination in the home in question, the absence of the report from Dr. Frye's medical records leads to the "inescapable conclusion . . . that someone provided Dr. Frye

7

documents for her to rely upon to form her causation opinion . . . ." Defs.' Br. in Supp. ¶¶ 9-11. Therefore, they argue, Dr. Frye should be prevented from testifying that the mold caused Plaintiffs' injuries.

I have some reservations about the viability of *Banks*, *Hall*, and *Sullivan*, *supra*, after the implementation of Rule 26(a)(2)(C). The express language of Rule 26(a)(2)(B) applies the expert report requirement only to a "witness . . . retained or specially employed to provide expert testimony in the case . . . ." Meanwhile, the Advisory Committee notes to Rule 26(a)(2)(C) explain that the section was added to "resolve[a] a tension that has sometimes prompted courts to require reports under Rule 26(a)(2)(B) e*ven from witnesses exempted from the report requirement*." (emphasis added). The statement appears to address the very situation covered in *Banks*, *Hall*, and *Sullivan*, and there is no reason to conclude that Dr. Frye was "retained or specially employed" for this case. Rather, Plaintiffs' counsel has proffered that Dr. Frye is not on retainer, and that she was the Kristensens' treating physician well before Plaintiffs commenced this litigation, or even sought counsel.[5]

Assuming that *Banks, Hall*, and *Sullivan* provide an accurate statement of the law, there is still no reason to require an expert report of Dr. Frye. The conclusion that Dr. Frye considered evidence outside of the ordinary course of treatment is far from "inescapable." Medical records suggest that Dr. Frye learned of the mold contamination in the home by interviewing her patients in the ordinary course of treatment. Her records for April 15, 2002 indicate that "Mother [said]

---

[5] Furthermore, the Advisory Committee notes specifically indicate that "[f]requent examples" of witnesses exempt under Rule 26(a)(2)(B) "include physicians or other health care professionals . . . who do not regularly provide expert testimony." Dr. Frye is such a physician.

that her house was recently inspected by the EPA . . . and had a lot of mold . . . ." Accordingly, I will deny Defendants' motion.[6]

## C.

Plaintiffs' expert witness designation identifies Darren Giacolome ("Giacolome") of Roof Top Services as a potential witness. According to the Rule 26 disclosure, Giacolome will testify that skylights at Defendants' residence "leaked occasionally but [could] be reasonably repaired and were repaired in this case for less than $1,000 . . . [that it was] feasible and reasonable to do so . . . and that after doing such repairs, there was nothing found during the repair that would prohibit earlier repairs."

Defendants seek to preclude Giacolome's testimony pursuant to Federal Rule of Evidence 407, which prohibits the introduction of evidence of subsequent remedial measures to prove culpable conduct. Plaintiffs contend that they have no desire to use Giacolome's testimony improperly, but that they will only call Giacolome to rebut or impeach any testimony to the effect that, for instance, the roof was not leaking, or repairs were infeasible. As Rule 407 provides that evidence of remedial measures may be used to impeach a witness, or to show "feasibility of precautionary measures, if controverted," such use of Giacolome would likely be permissible.

At the hearing, Defendants protested that evidence of repairs should nonetheless be excluded outright as irrelevant, prejudicial, or confusing to the jury, since the repairs were completed some three months after Plaintiffs moved out of the residence. *See* Fed. R. Evid. 402-

---

[6] I note also that to the extent that Defendants contend that Dr. Frye is unqualified to testify that the alleged mold contamination caused the Plaintiffs' injuries, it would be more appropriate to address that question under the analysis set forth in *Daubert v. Merrell Dow Pharmaceuticals, Inc.*, 509 U.S. 579 (1993).

403. But the fact that the roof needed repair after the Plaintiffs left is at least somewhat probative of whether the roof was leaking while Plaintiffs were there. That it is not conclusive proof is a point that might be elicited on cross examination, and that is well within the comprehension of the average juror. Accordingly, Defendants' Rule 402 and 403 objections are without merit.

For the foregoing reasons, I will deny Defendants' motion to preclude Giacolome's testimony as premature. However, Defendants may renew the motion at trial, if appropriate.

## II.

For the reasons set forth above, I will deny Defendants' motions, and order Plaintiffs to file Rule 26(a)(2)(C) disclosures as to Dr. Elgort within the next fourteen days.

The Clerk of the Court is directed to send a certified copy of this opinion to all counsel of record.

Entered this \_\_3rd\_\_ day of June, 2011.

_____
NORMAN K. MOON
UNITED STATES DISTRICT JUDGE