IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
AT CHARLOTTESVILLE

| | | |
|---|---|---|
| K. V. K., a minor by next friend, SUSAN LEIGH KRISTENSEN, | ) ) ) | |
| Plaintiff, | ) ) | |
| v. | ) ) | Case No. 3:09-CV-00084 |
| | ) | Consolidated with 3:09-CV-00085 |
| WILLIAM DAVID SPOTNITZ and DENISE CONSTANCE SCHAIN, | ) ) ) | |
| Defendants. | ) ) | |

**PLAINTIFFS' DAUBERT MOTION TO EXCLUDE THE TESTIMONY
OF DESIGNATED DEFENSE EXPERT DR. DANIEL SAWYER**

Plaintiffs, by counsel, hereby move this Court to exclude the proposed defense expert testimony of Dr. Daniel Sawyer on the grounds that such testimony is unreliable, unfounded, and irrelevant under *Daubert v. Merrell Dow Pharms.,* 509 U.S. 579, 592-93 (1993) and Federal Rule of Evidence 702.

Rule 702 of the Federal Rules of Evidence serves as the district court's "gatekeeping" function as set forth in *Daubert*. Rule 702 provides that:

> Testimony by Experts -- If scientific, technical, or other specialized knowledge will assist the trier of fact to understand the evidence or to determine a fact in issue, a witness qualified as an expert by knowledge, skill, experience, training, or education, may testify thereto in the form of an opinion or otherwise, if (1) the testimony is based upon sufficient facts or data, (2) the testimony is the product of reliable principles and methods, and (3) the witness has applied the principles and methods reliably to the facts of the case.

FRE 702.

The proponent of the proposed expert testimony must establish its admissibility by a preponderance of proof.  See *Daubert*, 509 U.S. at 592 n.10; Fed. R. Evid. 104(a).  In *Daubert*,

the Supreme Court of the United States charged trial judges with the responsibility to act as "gatekeepers" to "ensure that any and all scientific testimony . . . is not only relevant, but reliable." *Daubert*, 509 U.S. at 589. The trial court is to initially assess "whether the reasoning or methodology underlying the testimony is scientifically valid and of whether that reasoning or methodology properly can be applied to the facts in issue." *Id*. at 592-93.

A number of factors have been used to determine the first prong, the reliability of the opinion: (1) whether a theory or technique underlying the opinion can be or has been tested; (2) whether the technique has a known potential rate of error and the existence and maintenance of standards controlling the technique's operation; (3) whether the theory or technique has been subjected to peer review and publication; (4) whether the expert's theory or technique enjoys "general acceptance" within a relevant scientific community. *Id*. at 592-94.

The Fourth Circuit has elaborated on certain features of review of methodology and differential diagnosis which are relevant here. The Court must ensure that "any and all scientific testimony . . .is not only relevant, but reliable." *PBM Prods., LLC v. Mead Johnson & Co*., 639 F.3d 111, 123 (4th Cir. 2011) (citations omitted). Particular to this case is the holding that "a valid scientific theory misapplied because of the lack of sufficient factual foundation cannot be admitted because it does not assist and . . . may ultimately confuse the fact finder." *Smithers v. C&G Custom Module Hauling*, 172 F. Supp. 2d. 765, 771 (E.D. Va. 2000). It is well established that all relevant variables must be considered in any expert opinion, even if a differential diagnosis. *Westberry v. Gislaved Gummi AB,* 178 F.3d 257, 262-263 (4th Cir. 1999). Further, it is not enough for the expert to "purport" to discount variables under the guise of expert opinion where the discounting itself creates "enough of a doubt as to the overall reliability" of the expert

2

opinion. *Smithers* at 765.

Dr. Sawyer's proposed opinion testimony fails to meet the standards for a differential diagnosis, is unfounded and unreliable, cannot assist the trier of fact, and is irrelevant as set forth in the accompanying memorandum in support.

          Respectfully submitted,

          A. K. and K. K., Minors
          By counsel

/S/ David S. Bailey
State Bar Number 24940; DC Bar 455518
Attorney for Plaintiffs A. K. & K. K.
Environmental Law Group, PLLC
P.O. Box 6236
Richmond, Virginia 23230
Telephone: (804) 433-1980
Fax:    (804) 433-1981
[E-mail:  dbailey@envirolawva.com]

Tammy L. Belinsky
State Bar Number 43424
Attorney for Plaintiffs A. K & K. K.
Environmental Law Group, PLLC
9544 Pine Forest Road
Copper Hill, Virginia 24079
Telephone: (540) 929-4222
Fax: (540) 929-9195
[E-mail: tambel@hughes.net]

## CERTIFICATE OF SERVICE

    I hereby certify that on August 19, 2011 I electronically filed Plaintiffs' Daubert Motion to Exclude Designated Expert Dr. Daniel Sawyer with the Clerk of the Western District Federal Court, Charlottesville, Virginia using the CM/ECF system which will send electronic copies of the document to Chad Mooney and Ed Dawson, Petty, Livingston, Dawson & Richards, 725 Church Street, Suite 1200, P.O. Box 1080, Lynchburg. Virginia 24505 at cmooney@pldrlaw.com and edawson@pldrlaw.com.  There are no other counsel in the case that require hard copy mailing.

    _/S/_____
    David S. Bailey