IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
AT CHARLOTTESVILLE

| | |
|---|---|
| KAIA VICTORIA KRISTENSEN, a minor by next friend, SUSAN LEIGH KRISTENSEN, ) ) ) ) | |
| Plaintiff, ) ) | Case No.: 3:09CV00084 (consolidated with 3:09CV00085) |
| v. ) ) | |
| WILLIAM DAVID SPOTNITZ and DENISE CONSTANCE SCHAIN, ) ) ) | |
| Defendants. ) ) | |

### DEFENDANTS' MOTION *IN LIMINE* TO EXCLUDE EVIDENCE OF DAMAGE TO FURNITURE AND PERSONAL PROPERTY

COME NOW the defendants, William D. Spotnitz and Denise C. Schain, by counsel, and in support of their Motion *in Limine* to exclude evidence of damage to furniture and personal property, state the following:

### ARGUMENT

Rule 401 of the Federal Rules of Evidence defines "Relevant evidence" as "having any tendency to make the existence of any fact that is of consequence to the determination of the action more probable or less probable than it would be without the evidence." FED. R. EVI. 401. Irrelevant evidence is inadmissible. FED. R. EVI. 402. For evidence that is relevant, the same may be excluded if its probative value is substantially outweighed by the danger of unfair prejudice, confusion of the issues, or misleading the jury, or by considerations of undue delay, waste of time, or needless presentation of cumulative evidence. FED. R. EVI. 403.

The defendants believe that the plaintiffs will try to introduce evidence, either by lay or expert witness testimony, that the Kristensen's family furniture and personal property were

allegedly contaminated by mold or that it was removed from the house.  Any reference to destruction, removal, or contamination of the Kristensen's personal property should be excluded because it is irrelevant to the personal injury claims of the children in this matter.

Even if the plaintiffs were permitted to introduce such evidence, the prejudicial effects to the defendants would far outweigh the evidence's probative value, thus rendering it inadmissible. For instance, the jurors would be misled because they may take into account the property claim when awarding damages.  It will be impossible to ascertain from the verdict alone whether the property damage was a factor in the jury's deliberation.

In addition, Stein Kristensen and Susan Kristensen asserted their joint property claim regarding the family's personal property in Albemarle County Circuit Court Case Number CL03-9530.  That claim has already been litigated and should not be in issue here.  If permitted, the plaintiffs would be relitigating the property damage claim that was already adjudicated on the merits.  Pursuing such a claim violates the basic principles of res judicata.  Res judicata, generally speaking, "bars a second attempt to relitigate the same cause of action between the parties" to an earlier action.  Adkins v. Allstate Ins. Co., 729 F.2d 974, 976 (4th Cir. 1984).  In sum, the plaintiffs should be precluded from relitigating this issue under the principles of res judicata and collateral estoppel.

WHEREFORE these defendants respectfully request the entry of an Order prohibiting the plaintiffs from introducing any evidence of mold contamination to the parents' personal property and removal or destruction of the same during the trial of this case.

    Respectfully submitted,

    WILLIAM DAVID SPOTNITZ
    DENISE CONSTANCE SCHAIN

By    s/ Chad A. Mooney
         Counsel

G. Edgar Dawson, III
VSB #: 21666
Chad A. Mooney
VSB #: 75211
**PETTY, LIVINGSTON, DAWSON & RICHARDS**
725 Church Street, Suite 1200
P.O. Box 1080
Lynchburg, VA  24505
(434) 846-2768 (telephone)
(434) 847-0141 (facsimile)
edawson@pldrlaw.com
cmooney@pldrlaw.com

### CERTIFICATE OF SERVICE

I, Chad A. Mooney, do hereby certify that the foregoing **Defendants' Motion In Limine To Exclude Any Evidence of Damage to Furniture and Personal Property** was sent using the CM/ECF system which will send notification of such filing to David Bailey, counsel for plaintiff, on this 9th day of September, 2011.

s/ Chad A. Mooney
Chad A. Mooney