IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
CHARLOTTESVILLE DIVISION

| | |
|---|---|
| ALEXANDER STONE KRISTENSEN, a minor by next friend, SUSAN LEIGH KRISTENSEN, and KAIA VICTORIA KRISTENSEN, a minor by next friend, SUSAN LEIGH KRISTENSEN<br>         *Plaintiffs,*<br><br>       v.<br><br>WILLIAM DAVID SPOTNITZ and DENISE CONSTANCE SCHAIN<br>         *Defendants.* | NO. 3:09–cv–00084<br><br>MEMORANDUM OPINION<br><br>JUDGE NORMAN K. MOON |

  Pending before the Court is Defendants' Motion for Partial Summary Judgment (docket no. 117).  Pursuant to Federal Rule of Civil Procedure 56, Defendants seek partial summary judgment in their favor to deny Plaintiffs' recovery of medical expenses associated with their alleged mold exposure.  For the reasons that follow, Defendants' motion will be GRANTED.

## I. BACKGROUND

  This is a personal injury action arising out of alleged mold contamination of a residence owned by Defendants, but formerly occupied by Plaintiffs.  The Plaintiffs, Alexander Stone Kristensen ("Alex") and Kaia Victoria Kristensen ("Kaia"), are the minor children of Stein Kristensen ("Stein") and Susan Leigh Kristensen ("Susan," and collectively, the "Kristensens").  Plaintiffs brought two separate but closely related actions for damages in the Circuit Court for

Albemarle County, Virginia. After removal to this Court, the cases were consolidated.[1] (docket no. 28).

As alleged, the facts are as follows: the Kristensens entered into an oral agreement to "house sit" for Defendants at Defendants' Charlottesville home beginning in August 2000, and lasting for an indefinite period of time. Defendants had left the home and moved to Florida, where they established residence and currently reside. Under the terms of the agreement, in exchange for rent-free occupancy, the Kristensens would pay the utilities, provide security by their presence, and advise Defendants of any problems that might arise with the residence.

During the course of the Krisetensens' occupancy, they experienced several leaks in the roof of the house, most significantly surrounding a skylight. Plaintiffs' father informed the Defendants about the leaks, and although Defendants knew or should have known that repairing the leaks, or allowing the Kristensens to repair them, was necessary to maintain a safe and habitable living environment, the Defendants failed to do so. Due to the resulting damp conditions, the house became infested with dangerous molds. After a long period of exposure to such molds, Plaintiffs fell ill and suffered serious injury. Plaintiffs brought suit seeking an award of compensatory damages for personal injury, medical expenses, pain and suffering, medical monitoring, and emotional distress, totaling $500,000, and other such damages as the Court may find appropriate and just.

Defendants set forth two theories for why they are entitled to summary judgment precluding Plaintiffs' recovery of medical bills: (1) that recovery of any medical expenses incurred prior to November 2004[2] is barred by the five-year statute of limitations governing a

---

[1] Civil actions nos. 3:09–cv–00084 and 3:09–cv–00085.
[2] Defendants state that the Complaints in this case were filed on November 6, 2009, while Plaintiffs claim that the Complaints were filed on November 2, 2009. The actual date is not clear from the record, but the difference is immaterial in light of the analysis in part III.A, *infra*.

parent's right to recover medical expenses; and (2) that such recovery is barred by the rule established in *Moses v. Akers*, 122 S.E.2d 864 (Va. 1961). I address each theory in turn.

## II. APPLICABLE LAW

Summary judgment shall be granted "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a); *see Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986); *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986). The burden is on the moving party to point out to the district court that there is an absence of evidence to support the nonmoving party's case. *Celotex*, 477 U.S. at 325.

## III. DISCUSSION

### A. Statute of Limitations

Defendants argue that because Plaintiffs filed the Complaints in the instant case in November of 2009, the five-year statute of limitations set forth in Va. Code § 8.01–243(B) precludes the recovery of any medical expenses that accrued before November of 2004. I cannot agree with Defendants, however.

> If a plaintiff suffers a voluntary nonsuit as prescribed in [Va. Code] § 8.01–380, the statute of limitations with respect to such action shall be tolled by the commencement of the nonsuited action, and the plaintiff may recommence his action within six months from the date of the order entered by the court, or within the original period of limitation, . . . whichever period is longer. This tolling provision shall apply irrespective of whether the action is originally filed in a federal or a state court and recommenced in any other court, and shall apply to all actions irrespective of whether they arise under common law or statute.

Va. Code § 8.01–229(E)(3).

Plaintiffs filed their original Complaints in circuit court on August 15, 2003. An order of nonsuit was entered on June 15, 2009. Plaintiffs then recommenced their actions in circuit court in November of 2009. By the quoted language above, then, the statute of limitations was tolled

3

by the commencement of the nonsuited action in 2003, and Plaintiffs had six months after the June 15, 2009 nonsuit to recommence the action.[3]  Plaintiffs timely recommenced the action, and the statute of limitations therefore does not serve as a bar to recovery of medical expenses.

### B.  Plaintiffs' Eligibility to Recover Medical Expenses under Virginia Law

In the alternative, Defendants argue that under Virginia case law, as set forth in *Moses v. Akers*, 122 S.E.2d 864 (Va. 1961), Plaintiffs are barred from recovering any medical expenses associated with their alleged mold exposure.  Defendants argue that only Plaintiffs' parents, and not the infant Plaintiffs themselves, had the ability under the law to recover medical expenses from the outset.

*Moses* reiterated the well settled idea that an alleged injury to an unemancipated infant by wrongful act ordinarily gives rise to two causes of action: first, an action "on behalf of the infant to recover damages for pain and suffering, permanent injury and impairment of earning capacity after attaining majority[,]" and second, an action "on behalf of the parent for loss of services during minority and necessary expenses incurred for the infant's treatment." *Id.* at 865–66 (citing *Watson v. Daniel*, 183 S.E. 183, 187 (Va. 1936)).  "The parent's cause of action is founded upon the principle that he is primarily responsible for the necessary expenses incurred in curing or relieving the infant of his injuries." *Moses*, 122 S.E.2d 866 (citation omitted).  *Moses* went on to establish that an infant cannot recover medical expenses for his injuries unless: (1) he has paid or agreed to pay the expenses himself; or (2) he is singularly responsible by reason of his emancipation or the death or incompetency of his parents; or (3) the parent has waived the right to recovery in favor of the infant; or (4) recovery is otherwise permitted by statute. *Id.*

As indicated in their briefs and at the September 13 hearing, the parties agree that only exception (3) pertaining to waiver is at issue in the instant matter.  Plaintiffs offer that their

---

[3] The "original period of limitation" statutory option would have already expired.

parents have indeed waived their respective rights to recover medical expenses. Plaintiffs' argument takes two alternative forms: first, that their parents impliedly waived their own rights to recovery when they filed suits on their own behalf but did not include medical expenses for the children; and second, that Plaintiffs' mother expressly waived the parents' rights to recovery by filing an affidavit with this Court on July 25, 2011 (docket no. 126). Defendants contend, to the contrary, that neither argument is sufficient to effectuate a waiver. In part, Defendants rely on the preclusive effects of prior court actions in the case, arguing that the principles of res judicata had already extinguished Plaintiffs' parents' ability to waive any right of recovery. I address the implied waiver alternative and the express waiver alternative in turn, and because I find that Plaintiffs' parents neither impliedly nor expressly waived any right to recovery, I need not reach res judicata considerations.

### 1. Implied Waiver

Plaintiffs contend that Susan and Stein impliedly waived their right of recovery in favor of their infant children. Their argument proceeds from the procedural history of the case, and reasons that since the parents did not seek to recover for the children's medical expenses in their—the parents'—own cases, they have impliedly waived their right to recovery in accordance with *Moses*. Virginia law, however, does not support such a finding.

"[W]aiver 'is the voluntary, intentional abandonment of a known legal right, advantage, or privilege.'" *Baumann v. Capozio*, 611 S.E.2d 597, 599 (Va. 2005) (quoting *Fox v. Deese*, 362 S.E.2d 699, 707 (Va. 1987)). Any litigant seeking to advance an implied waiver argument has the burden of proof on the issue, and must "prove the elements of such waiver by clear and convincing evidence." *Baumann*, 611 S.E.2d at 600.

5

In *Baumann*, the Supreme Court of Virginia decided that, in accordance with the standard just described, the parents in the case had not waived their right to recover an infant's medical expenses merely by seeking such expenses, as next friends of the infant, on the infant's behalf. *Id.* The Supreme Court of Virginia, then, allowed the plaintiff parents to proceed in seeking recovery of medical expenses from the tortfeasor who had injured their son, but who had later settled with the son when he reached the age of majority. *Id.*

While alignment of the parties advocating waiver in *Baumann* differed from the alignment of the parties in the instant case, the Supreme Court of Virginia's discussion is instructive. The case held that merely seeking medical expenses as next friend, without more, is insufficient to establish, by clear and convincing evidence, that parents have waived their right to recovery.

The instant case differs from *Baumann* procedurally. That is, Plaintiffs' parents did indeed file several different causes of action at the outset, in 2003. The cases were styled *Stein Kristensen and Susan Leigh Kristensen, Jointly, and Stein Kristensen, Individually v. William David Spotnitz and Denise Constance Schain*, No. CL03–9350 (the "Joint Case"); and *Susan Leigh Kristensen v. William David Spotnitz and Denise Constance Schain*, No. CL03–9528 ("Susan's Case"); *Kaia Victoria Kristensen, by next friend, Susan Leigh Kristensen v. William David Spotnitz and Denise Constance Schain*, No. CL03–9529 ("Kaia's Case"); and *Alexander Stone Kristensen, by next friend Susan Leigh Kristensen v. William David Spotnitz and Denise Constance Schain*, No. CL03–9531 ("Alex's Case"). Nevertheless, the procedural distinction does not support a finding of implied waiver.

In the Joint Case, the parents claimed joint personal property damage and personal injuries to Stein Kristensen arising from mold exposure. In Susan's Case, the mother alleged

that she sustained personal injuries similar to those alleged by Stein. It seems to be true that Susan and Stein did not seek to recover for the children's medical expenses in either the Joint Case or in Susan's Case. Without more, however, I am unable to find that Plaintiffs have substantially exceeded the showing in *Baumann*, if they have exceeded it at all. In any event, even despite their parents' filing of separate lawsuits that did not include a claim for their children's medical expenses, Plaintiffs have not demonstrated that their parents clearly and convincingly waived their ability to recover those expenses.[4] Accordingly, I find that Plaintiffs' parents have not impliedly waived their right to recover medical expenses.

### 2. Express Waiver

At the September 13, 2011 hearing in Charlottesville, the parties addressed the possibility of there being an express waiver arising out of an affidavit filed by Susan after Defendants had moved the Court for partial summary judgment on the issue of medical expenses. After Defendants had filed the instant Motion for Partial Summary Judgment, Plaintiffs' mother, Susan, filed an affidavit averring that the Defendants' claim that "[she] did not waive the right to recover medical expenses incurred by the children" is "untrue." Susan Aff. July 25, 2011 at ¶¶ 2–3. Susan further averred that neither she nor the Plaintiffs' father have "made any effort to recover the children's medical expenses for [the parents'] cases or for [the parents'] benefit, nor intended to do so." *Id.* at ¶ 9.

Plaintiffs argue that the affidavit serves to extinguish any doubt regarding whether there had been any prior (implied) waiver. In other words, even accepting the argument that Plaintiffs' parents had not impliedly waived their right to recovery, Plaintiffs' mother expressly waived that right by virtue of her later affidavit. Defendants respond by arguing that Plaintiffs' mother was

---

[4] I am mindful, of course, that the ultimate burden of persuasion remains on the moving party at the summary judgment stage. *Celotex*, 477 U.S. at 330.

unable to waive the right to recovery through the affidavit, because that right to recovery had already been lost.

To that point, Defendants argue that Plaintiffs' parents lost the ability to recover any medical expenses when the parents' claim was dismissed with prejudice at the state court level. Defendants argue that because Plaintiffs' parents *could* have brought a claim for their children's medical expenses in the earlier litigation, but did not, the doctrine of res judicata would now operate to bar any such claim. Accordingly, Defendants reason that because Plaintiffs' parents are barred from making any such claim, they have no ability to now waive such claim. In other words, one cannot waive a right that one does not possess.

I need not, however, decide whether res judicata bars Plaintiffs' parents from now expressly waiving their purported right to recover medical expenses, because Susan filed the affidavit in her name only. Plaintiffs' father, Stein Kristensen, has filed no companion affidavit purporting to waive his right to recovery, if any existed. Nor does Susan's waiver purport to waive Stein's right of recovery for him.

I have already noted my finding that Plaintiffs' parents did not impliedly waive their right to recover medical expenses. Any such right, if it now exists, must therefore be waived expressly. I find, moreover, that such right must be waived expressly *by both parents*, unless it is shown that only one parent is responsible for the children's medical bills. *See* 43 C.J.S. *Infants* § 317 (2011) ("A claim for medical expenses incurred in treating an injured child generally belongs to the child's *parents* . . . .") (emphasis added). I find this position to be consistent with the guiding rationale outlined in *Moses* that the reason why parents are the parties who have a right to compensation for medical expenses, and not the children, is because the parents are the ones primarily responsible for such expenses.

Plaintiffs have made no suggestion that Susan is singularly responsible for the Plaintiffs' medical bills, or that she has the authority to unilaterally waive Stein's right to recovery (again, if any such right survived principles of res judicata). Moreover, I have neither found nor been pointed to any authority to support the proposition that only one parent is required to waive her right of recovery to allow children to recover medical expenses, consistent with *Moses*. I find, therefore, that Plaintiffs' parents have not expressly waived their right to recovery, if any such right existed.

## IV. CONCLUSION

Although the statute of limitations does not bar Plaintiffs' claims for medical expenses, such claims are barred because Plaintiffs' parents have neither expressly nor impliedly waived the right to recovery that vested with them, and not with the children. Plaintiffs' filing of separate suits in circuit court does not demonstrate, by clear and convincing evidence, an implied waiver under Virginia law. Moreover, Susan Kristensen's affidavit purporting to waive her right to recover medical expenses does not purport to also waive Stein Kristensen's right to recovery, if any such right exists in light of res judicata considerations, which I have not decided.

For the reasons set forth above, Defendants have met their burden, and their Motion for Partial Summary Judgment is therefore GRANTED.

The Clerk of the Court is directed to send a certified copy of this Memorandum Opinion to all counsel of record.

Entered this  26th  day of September, 2011.

_____
NORMAN K. MOON
UNITED STATES DISTRICT JUDGE